## New York Indemnity Company v. Hatcher.

(Decided February 8, 1927.)

## Appeal from Pike Circuit Court.

Insurance—Under Collision Policy Requiring Automobile to have Bumpers, Insurer is Not Liable for Damage Resulting at Time it was Not so Equipped.—Where rider attached to face of policy insuring automobile against collision required that automobile described therein be continuously equipped with bumpers, the insurer is not liable for damages resulting to automobile at time it was not equipped with bumpers.

HARMAN, FRANCIS & HOBSON for appellant.

JOHNSON, AUXIER & HINTON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

On September 29, 1923, appellant, New York Indemnity Company, in consideration of a stipulated premium paid, delivered to appellee, F. T. Hatcher, a policy of automobile insurance. The collision feature of the policy only is here involved, and consequently only such of the policy's provisions as relate thereto are material. Among other things, the company agreed:

"(H) To indemnify the assured against loss by reason of damage to or destruction of any automobile described in said declaration, including its operating equipment and tires, if caused solely by accidental collision with another object either moving or stationary, excluding, however, damage to tires, unless other material damage to the automobile is sustained, and excluding also damage or destruction by fire from any cause whatever."

With reference to indemnity under the clause quoted above, the policy further provided:

"Declaration 9. The indemnity provided by this policy applies only to the items below for which a premium charge is made:

"Item 1. . . .
"Item 2. . . .
"Item 3. Collision damage to automobile (S) covered by this policy—Amount deductible from

each separate claim (either nil, $50.00, or $100.)—Nil, $98.88—See Insuring Agreement H and Condition A. (Insert in space provided under items 2 and 3 or item 3 the words No Premium Charges Made, if the coverages are not desired.'')

By rider attached to the face of the policy it was further provided:

"AUTOMOBILE DEPARTMENT No. VI.
BUMPER ENDORSEMENT.

"In consideration of the reduced premium charge made in declaration 9, item 3, of the undermentioned policy, it is understood and agreed by the assured that the automobile (or automobiles) described in the policy is and will be continuously equipped with bumpers as follows: Car—Marmon, front bumper; Name—Biflex, manufacturer—Biflex Products Co.; rear bumper—Biflex, manufacturer—Biflex Products Co.

"The assured undertake to use all diligence and care in maintaining the efficiency of said bumpers throughout the life of this policy."

Appellee owned a seven-passenger Marmon touring car and the insurance policy was written with reference to it. While the policy was in force appellant's wife was driving the car in question, and, while turning it around on one of the streets of the city of Pikeville, backed it violently into a telephone pole, with considerable ensuing damage. The trunk rack was badly bent and twisted and the rear end of the body of the car was badly indented and punctured in places. Claim for the damage resulting from the collision was made, which appellant declined to pay, upon the theory that it was not liable under the insurance contract because the car in question at the time of the collision was not equipped with bumpers. Appellee thereupon instituted this action, and, upon the trial below, recovered judgment for $500.00. Hence, the appeal.

Appellant insists that it was entitled to a peremptory instruction at the close of the testimony. There is no controversy as to the facts. It is admitted that the car insured was not at the time of the collision equipped with front or rear bumpers. Appellee sought to avoid the bumper clause of the insurance contract by making it

appear that the trunk rack attached to the rear of this car took the place of and afforded the same protection that a bumper would have afforded. The difficulty in sustaining that contention grows out of the fact that the trunk rack was a part of the equipment of the automobile, and under the express provisions and conditions of the policy assured agreed to protect it as well as the car proper with a bumper. It appears that the premium rate for collision indemnity where the automobile is protected by bumpers is considerably less than the rate where such is not the case. The policy written by appellant for and accepted by appellee was written at the lesser rate, and under the express agreement upon the part of insured that in consideration of the reduced premium charge the automobile would be continuously equipped with bumpers. Appellee argues that the provision in question is unreasonable because it specifies one particular bumper and none other that might be used. This case, however, does not present that question, because the automobile insured does not appear to have been equipped with the make of bumper specified by the policy or with a bumper of any make or design. The court is unable to perceive any way in which appellant may be held to be bound under the insurance contract sued on. Appellee had no insurance contract with appellant indemnifying him against damage to the insured automobile caused by a collision such as that which occasioned the damage herein when the car was not equipped with bumpers. On the other hand, under the policy issued at the premium rate paid appellee was protected against such damage only in the event the car was so equipped. It being admitted that when the damage occurred the car was not so equipped, there is no way of escaping the conclusion that appellant, insurer, was not liable under the insurance contract held by appellee for the damage which resulted. Hence, the trial court, at the conclusion of the evidence, erred in not peremptorily instructing the jury to find for appellant.

For the reason indicated, the judgment herein is reversed and cause remanded for further proceedings consistent herewith.